## Illinois State Bank, Appellee, v. Queen City Quarry Company and W. H. Hill, Appellees. H. C. Barnard, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Bill by Illinois State Bank, a creditor of Queen City Quarry Company, a corporation, complainant, against Queen City Quarry Company, W. H. Hill and H. C. Barnard, defendants, seeking to reach funds belonging to said Queen City Quarry Company, and to make defendants W. H. Hill and H. C. Barnard liable for the amount which they had knowingly permitted the debts of the corporation to exceed the amount of the capital stock, and cross-bill by H. C. Barnard against W. H. Hill for an accounting for money unpaid for stock and other money collected by him, and for an allowance of the sum of $3,306.78 as salary as secretary of the corporation, and other relief. From a decree requiring Hill to pay to a receiver of the corporation appointed by the court the sum of $468.02, and requiring Barnard to pay to the receiver the sum of $3,306.78 received as salary and a further sum of $100, and dismissing the cross-bill for want of equity, defendant Barnard appeals.

MARTIN D. BAKER and DAN McGLYNN, for appellant.

KEEFE & SULLIVAN, for appellees; THOMAS E. GILLESPIE, of counsel.

MR. JUSTICE McBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 288*—*when corporation is estopped to object to right of officer to salary.* Where the secretary of a corporation, whose duties were not prescribed by any statute or by-law, performed the duties of general manager and conductor of the business of the corporation, with the knowledge of and without objection by the stockholders and directors, and the corporation appropriated such services, *held* that such corporation was estopped to object to such officer's right to the salary which it had agreed to pay him as secretary.

2. CORPORATIONS, § 300*—*what is nature of liability of directors and officers assenting to creation of indebtedness in excess of capital stock.* The liability of directors and officers of a corporation under Hurd's Rev. St. ch. 32, sec. 16 (J. & A. ¶ 2433), providing that such directors and officers who assent to an indebtedness of the corporation in excess of its capital stock shall be personally and individually liable to creditors for such excess, is that of a surety.

3. CORPORATIONS, § 301*—*what is insufficient to make director or officer liable for creation of indebtedness in excess of capital stock.* Mere recognition by a director or officer of a corporation of an indebtedness of the corporation in excess of its capital stock, on the fact he might have interposed to prevent such excess, is not sufficient to make him liable under Hurd's Rev. St. ch. 32, sec. 16 (J. & A. ¶ 2433), providing that directors or officers of a corporation who assent to indebtedness in excess of its capital stock shall be personally and individually liable for such excess.

4. CORPORATIONS, § 299*—*when officer contracting indebtedness in excess of capital stock and assets may not compel stockholder to contribute to payment of his salary.* Where one of two directors and sole stockholders of a corporation was also secretary of such corporation and as such conducted the entire business of the corporation upon an agreed salary for such services, and contracted indebtedness of the corporation in excess of its capital stock and assets, *held* that such secretary could not compel such other stockholder to contribute to payment of such salary incurred under such circumstances.

5. APPEAL AND ERROR, § 1768*—*when decree will not be changed so as to increase liability.* A decree will not be so changed on appeal in favor of the appellee so as to increase the liability of the party against whom it was rendered where the appellee asks in argument that such decree be not reversed and the bill contained no proper basis for such change other than in its prayer for relief.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCIII 12